87 So.2d 301

Francis H. CONLEY et al.

v.

STATE of Louisiana, through the DEPART-
MENT OF HIGHWAYS et al.

No. 42340.

March 26, 1956.

Rehearing Denied May 7, 1956.

Ferris & Achee, Shreveport, for plain-
tiffs-appellants.

W. Crosby Pegues, Jr., D. Ross Banister,
Philip K. Jones, Louis S. Quinn, Glenn S.
Darsey, Baton Rouge, Francis X. Vinet,
New Orleans, for defendants-appellees.

PONDER, Justice.

In this suit the plaintiffs are asking for a
prohibitory and mandatory injunction or-
dering the defendants to remove that por-
tion of the highway construction from their
alleged property, to be quieted in their pos-
session and to be adjudged the owners of the
property in dispute. The defendants ex-
cepted to the petition on the ground that it
disclosed no right or cause of action in that
plaintiffs were not entitled to injunctive
relief, and interposed an answer denying
that they had encroached on plaintiffs' prop-
erty. The lower court sustained the ex-
ception of no right or cause of action on

the ground that after the Department of Highways has constructed a highway over a tract of land that the landowner is limited to an action for damages. The case was tried on its merits in order to determine the ownership of the property in dispute. After hearing, the trial judge gave judgment dismissing plaintiffs' demands and they have appealed.

It appears from the record in this case that the defendants acquired a right-of-way deed from Paul R. Walker on September 4, 1952 in contemplation of the construction of the Youree Drive Extension of the Shreveport Highway. Thereafter, on December 29, 1952, the plaintiffs bought a certain tract of land from Paul R. Walker over a portion of which the highway right-of-way traversed. The dispute in this case is the location of the right-of-way.

The plaintiffs concede that their subsequent title from the common author, Paul Walker, is burdened with the right-of-way but they contend that the right-of-way is improperly located so as to encroach on plaintiffs' other property. While, on the other hand, the defendants contend that the right-of-way is properly located in conformity with their deed.

We have examined the evidence in this case and find that there is a dispute between the surveyor for the Department of Highways and the surveyor for the plaintiffs as to the location of the right-of-way. If the survey made by the surveyor for the Department of Highways were to be accepted, the highway is properly located. If the survey of plaintiffs is accepted, the right-of-way is not properly located and encroaches on plaintiffs' property.

The right-of-way is described by metes and bounds and commences at a point which is the northwest corner of Lot 10. It is impossible to determine whether or not there is an encroachment without establishing the section line between Sections 5 and 6 as concluded by the district judge. It appears that no markers were found that had been established by the United States Government when the section lines were originally laid out. The trial judge was of the opinion that the conflict of the evidence was such that it was impossible to determine the location of the right-of-way without first establishing the section lines as laid out by the United States Government, and it would cost more that the amount in dispute to properly locate the right-of-way.

From our appreciation of the evidence, the plaintiffs have failed to establish with any degree of certainty that the right-of-way encroached on their property, but we feel that their suit should be dismissed as of non-suit in order to permit them, if they can or so desire, to bring appropriate proceedings to have the property lines established.

For the reasons assigned, the judgment of the lower court is amended so as to dismiss the plaintiffs' suit as of non-suit, and as thus amended the judgment is affirmed at appellants' cost.